UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STANFORD KNIGHT,

    Petitioner,

v.                                                               CASE NO. 6:04-cv-1557-Orl-19JGG
                                                                  (6:00-cr-157-Orl-19JGG)

UNITED STATES OF AMERICA,

    Respondent.

_____

**<u>ORDER</u>**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Stanford Knight (Doc. No. 1). The Government filed a timely response to the motion (Doc. No. 3). Petitioner filed a reply to the response (Doc. No. 6).

*Procedural History*

Petitioner was charged by indictment with conspiracy to possess with intent to distribute at least 50 grams of cocaine base and a detectable amount of cocaine hydrochloride (count one) and five other substantive cocaine offenses (counts two through six) ( Criminal Case No. 6:00-cr-157-Orl-19JGG, Doc. No. 51).[1] Pursuant to a written plea agreement, Petitioner pled guilty to count one of the indictment (Doc. Nos. 73 and 82). On February 26, 2001, Petitioner was sentenced to a 300 month term of imprisonment on count one, followed by a 60 month term of supervised release (Criminal Case Doc. Nos. 103 and 110).[2] A Corrected Judgment in a Criminal Case (Criminal Case

---

      [1]Hereinafter Criminal Case No. 6:00-cr-157-Orl-19JGG will be referred to as "Criminal Case."

      [2]Counts two through six of the indictment were dismissed upon motion of the Government.

Doc. No. 114) was entered on March 5, 2001, to include mandatory drug testing. On March 7, 2001, a Second Corrected Judgment in a Criminal Case (Criminal Case Doc. No. 120) was entered to include court imposed drug treatment as a special condition of supervision. Petitioner did not file a direct appeal of his conviction or sentence.

On January 29, 2002, the Government filed a Rule 35 motion requesting a four level reduction of sentence for Petitioner (Criminal Case Doc. No. 125). Petitioner filed a response seeking a six level reduction (Criminal Case Doc. No. 128). After conducting a hearing, this Court granted a three level reduction and amended the Second Corrected Judgment in a Criminal Case to reflect a 210, rather than 300, month term of imprisonment and to vacate the denial of federal benefits (Criminal Case Doc. No. 134). Petitioner appealed the Court's order granting only a three level reduction. By Order dated April 17, 2003, the Eleventh Circuit Court of Appeals affirmed this Court's decision (Criminal Case Doc. No. 159).

*Timeliness of Petitioner's Motion*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one year limitation of § 2255.

Under the time limitation set forth in § 2255(1), Petitioner had one year from when his conviction became final to file a § 2255 motion. Petitioner's Second Corrected Judgment in a Criminal Case was entered on March 7, 2001, and he did not file a direct appeal. Therefore, his conviction became final, at the latest, on March 17, 2001, when the time for filing an appeal expired.[3] *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires). Thus, Petitioner had through March 17, 2002, to file his § 2255 motion. However, the instant proceeding was not filed until October 16, 2004, under the mailbox rule. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing). Since the one year period of limitation ran on March 17, 2002, Petitioner's October 16, 2004, motion was not timely filed and must be denied.

---

[3]Petitioner's Rule 35 proceedings and appeal did not affect the finality of his judgment of conviction for the purposes of filing a § 2255 motion. *Reichert v. United States*, No. 03-2121, 2004 WL 953983, **1 (6th Cir. April 27, 2004) ("When a federal prisoner is resentenced following a Rule 35(b) motion by the government, the statute of limitations [under § 2255] does not start from the date of the resentencing judgment."); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001) (stating that "Congress did not intend for motions under Rule 35(b) to prevent a conviction from becoming final for § 2255 purposes"); *United States v. Sanders*, 247 F.3d 139, 142-44 (4th Cir.) (holding that Rule 35 motions do not effect finality of a conviction for purposes of § 2255), *cert. denied*, 534 U.S. 1031 (2001).

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Stanford Knight (Doc. No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 160) pending in case number 6:00-cr-157-Orl-19JGG.

**DONE AND ORDERED** at Orlando, Florida, this __15th___ day of June, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 6/15
Stanford Knight
Counsel of Record